UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| NORMA NICELY, ) | |
| ) | |
| Plaintiff, ) | Case: 6:15-cv-203-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| PLIVA, INC., and BARR ) | **&** |
| PHARMACEUTICALS, INC., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Norma Nicely is one of many individuals who have been diagnosed with tardive dyskinesia linked to the ingestion of either brand-name Reglan® or a generic form of the drug metoclopramide. Nicely, like many others, has turned to the judicial system in an effort to obtain relief for her injuries. Unfortunately, Ms. Nicely's quest for legal redress has proven quite the undertaking.

Since Nicely's lawsuit was originally filed in Missouri state court in 2010, it has seen removal to federal court; remand to state court; multiple motions to dismiss; motions for reconsideration; and a successful trip to the Missouri Court of Appeals. In August of last year, Ms. Nicely's action was dismissed without prejudice by the Missouri state court in light of the Supreme Court's recent holding in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), which addressed personal jurisdiction law as it relates to corporate defendants. Subsequently, Ms. Nicely re-filed her action in the Eastern District of Kentucky.

Defendant PLIVA, Inc., now seeks judgment on the pleadings on the grounds that Ms.

Nicely's complaint in this Court is time-barred. For the reasons that follow, the Court DENIES the Defendant's motion.

**I**

Reglan® is a brand-name, prescription version of the generic drug metoclopramide, which is used to treat gastroesophageal reflux disease. One of the risks associated with taking either brand-name Reglan® or generic metoclopramide is tardive dyskinesia, a movement disorder. While the risk of acquiring tardive dyskinesia is low when ingesting the medicine for twelve weeks or less, the risk substantially increases for patients who consume the drug for periods of time longer than twelve weeks. *See Metoclopramide*, PUBMED HEALTH, U.S. NATIONAL LIBRARY OF MEDICINE (Oct. 1, 2015), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMHT0011180/?report=details.

From around November 2006 through December 2007, Plaintiff Norma Nicely ingested around thirty to forty milligrams a day of this substance, as prescribed by her physician.[1] [R. 1 at 7.] Accordingly, Ms. Nicely ingested high doses of the drug for more than one year. [*Id.*] Around December 2007, Ms. Nicely sought treatment from her primary care physician for tremors, involuntary movements, and anxiety. [*Id.*] Her physician recommended discontinuing the Reglan®/metoclopramide use, and in January 2008, Ms. Nicely was diagnosed with tardive dyskinesia, secondary to Reglan®/metoclopramide. [*Id.*] In January 2010, Nicely was more specifically diagnosed with oral dyskinesia, secondary to Reglan®/metoclopramide. [*Id.*]

According to her briefs, Ms. Nicely originally filed suit in 2010, but in 2012 her case became part of a consolidated proceeding pending in St. Louis County, Missouri, against

---

[1] Ms. Nicely maintains the Reglan®/metoclopramide she ingested during this time period was manufactured by PLIVA, Inc., which was then owned by Barr Pharmaceuticals, Inc. [R. 1 at 7.]

PLIVA, Inc., and nine other defendants.[2]  [R. 33 at 1.]  A lengthy procedural history—which is detailed in the Plaintiff's response memorandum—ensued.  [*See* R. 28 at 3-5.]  In 2011, certain defendants attempted removal to the Eastern District of Missouri; however, the case was remanded to St. Louis City Circuit Court.  [*Id.* at 3.]  Various Reglan®/metoclopramide cases were than consolidated in St. Louis County, and Defendants PLIVA, Inc., and Barr Pharmaceuticals, Inc., filed motions to dismiss Nicely's case on personal jurisdiction, among other, grounds.  [*Id.*]

Around the same time, other dispositive motions were filed.  After two days of oral argument, the court ruled on several of the dispositive motions [*see id.*] but apparently declined to rule on the personal jurisdiction-based motions to dismiss.  [*See* R. 33 at 2 (maintaining the court did not rule on the personal jurisdiction issue at all until after the *Daimler* decision).]  Nicely appealed the court's decision to the Missouri Court of Appeals, and in August 2014, the appellate court partially overturned the unfavorable ruling.  [R. 28 at 4.]

Meanwhile, on January 14, 2014, the United States Supreme Court announced its decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  This decision clarified the Court's prior ruling in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), and arguably departed from settled law regarding corporate jurisdiction.  *See, e.g*., Judy M. Cornett & Michael H. Hoffheimer, *Good-Bye Significant Contacts: General Personal Jurisdiction After*

---

[2] Ms. Nicely is but one of thousands of plaintiffs across the country seeking judicial relief for Reglan®/metoclopramide injuries.  *See* AM. L. PROD. LIAB. 3d § 89:114 (Nov. 2015) (summarizing nationwide Reglan®/metoclopramide litigation).  Similarly situated plaintiffs argue that brand-name manufacturers mislabeled (allegedly, intentionally) Reglan® and failed to adequately explain the drug's risk of tardive dyskinesia.  The Food and Drug Administration requires generic drugs to be labelled identically to the brand-name version.  Thus, the brand-name manufacturers' failure to properly warn of the drug's risks allegedly resulted in inadequate labeling for all generic versions of metoclopramide and, arguably, misprescription of the drug by countless physicians.

Daimler AG v. Bauman, 76 OHIO ST. L.J. 102 (2015).  In June 2015, the defendants filed "renewed" motions to dismiss Nicely's lawsuit in light of the *Daimler* decision.  [R. 28 at 5.]  At that time, the court dismissed Nicely's lawsuit without prejudice because of its lack of personal jurisdiction over the case after *Daimler*.  [*Id.*]  On November 20, 2015, Ms. Nicely re-filed her action in the Eastern District of Kentucky [R. 1], and the lawsuit was transferred to the undersigned because of his familiarity with another Reglan®/metoclopramide case, *Harold Neeley, et al. v. Wyeth, LLC*, 6:15-00054-GFVT.[3]  [*See* R. 6.]  Defendant PLIVA, Inc., now seeks judgment on the pleadings on the basis that Ms. Nicely's suit is time-barred in this Court. [R. 24.]

## II

### A

PLIVA, Inc., seeks a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."  *Fritz v. Charter Tp. of Comstock*, 592 F. 3d 718, 722 (6th Cir. 2010) (citing *Zeigler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be

---

[3] The *Neeley* case, similar to Ms. Nicely's lawsuit, was previously litigated in the state of Missouri. While Nicely's case and many others were remanded to St. Louis City Circuit Court, the *Neeley* case remained pending in the Eastern District of Missouri before the Honorable Judge John A. Ross. [*See* R. 28 at 3.]  Rather than dismiss *Neeley* without prejudice in light of the Supreme Court's *Daimler* decision, as occurred in *Nicely* at the Missouri state court level, Judge Ross transferred *Neeley* directly to this Court on March 30, 2015. [*Id.* at 4.]

4

granted only if the moving party is nevertheless clearly entitled to judgment." *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations omitted).

Well-pleaded complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are unnecessary but the rule "'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As is the case with a motion to dismiss under Rule 12(b)(6), in a Rule 12(c) motion for judgment on the pleadings, the Court is required to "accept all the Plaintiffs' factual allegations as true and construe the complaint in the light most favorable to the Plaintiffs." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citing *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 451 (6th Cir. 2003)).

**B**

At issue is whether Ms. Nicely's complaint, filed in this Court during November 2015, is time-barred, or whether the action is saved through Kentucky's Savings Statute, Missouri's Savings Statute, or the doctrine of equitable tolling. As explained below, both states' Savings Statutes are inapplicable to the situation at hand; however, the Court is persuaded by Plaintiff Nicely's arguments in support of equitable tolling.

Kentucky recognizes a one-year statute of limitations for personal injury claims that are not based on breach of warranty. *See* KRS § 413.140(1)(a); *Allen v. Abbotts Labs*., 11-146-DLB, 2012 WL 10508, at *3 (E.D. Ky. Jan. 3, 2012). For warranty claims, a four-year statute of limitations applies. KRS § 355.2-725(1); *Puckett v. Comet Mfg. Corp*., 892 F.2d 80 (6th Cir. 1989). In this case, it is undisputed that Ms. Nicely's November 2015 complaint was filed after the one-year and four-year limitations periods expired. [*See* R. 24-1 (indicating Ms. Nicely was

5

initially diagnosed with tardive dyskinesia secondary to Reglan®/metoclopramide in January 2008); R. 28.] However, Ms. Nicely maintains a Savings Statute should rescue her suit from any tardiness. [R. 28 at 9-11.]

As an initial matter, Ms. Nicely does not attempt to argue for the application of Missouri's Savings Statute [*see* R. 28]; only PLIVA discusses Missouri's statute in its initial motion for judgment on the pleadings. [*See* R. 24-1 at 4-5.] Accordingly, the Court treats the Missouri Savings Statute issue as waived and finds in favor of PLIVA on that point. *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in defendants' motion to dismiss is grounds for the district court to assume that opposition is waived).

As for the applicability of Kentucky's Savings Statute, the Court finds the statute inconsonant with the present situation. KRS § 413.270 provides:

> If an action is commenced in due time and in good faith ***in any court of this state*** and the defendants or any of them make defense, and it is adjudged that the court has no jurisdiction of the action, the plaintiff or his representative may, within ninety (90) days from the time of that judgment, commence a new action in the proper court.

KRS § 413.270(1) (emphasis added). The plain language of that provision precludes relief for Ms. Nicely because she did not file her action "in due time and in good faith in any court of this state." *Id.* She originally began her suit in Missouri. [*See*, *e.g.*, R. 28 at 2-3.] The statute does not apply to any judicial tribunal applying Kentucky law, but, rather, includes only those federal or state courts "which are physically located within the state of Kentucky." *Blair v. Peabody Coal Co.*, 909 S.W.2d 337, 339 (Ky. Ct. App. 1995).

Plaintiff Nicely cites no law suggesting the contrary but, instead, argues her case should be handled like the *Neeley* case, which was litigated in the Eastern District of Missouri before

6

being transferred directly to the undersigned. [R. 28 at 9.] This is an equitable, rather than legal argument, and while it fails to convince the Court that Kentucky's Savings Statute should apply, it provides a segue into the Court's consideration of the doctrine of equitable tolling.

The Court may, in its discretion, allow equitable tolling of a statute of limitations in order to prevent unjust results. As the Supreme Court has articulated, courts apply equitable tolling "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Equitable tolling is generally unavailable as a remedy where a claimant has "failed to exercise due diligence in preserving his legal rights." *Id.* Further, equitable tolling is "sparingly" bestowed, and has generally been reserved for compelling circumstances beyond a litigant's control. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).

While Nicely relies on a five-factor test articulated by the Sixth Circuit in support of equitable tolling, PLIVA maintains that test is irrelevant in light of recent Supreme Court decisions. [R. 30 at 4-5 (citing *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750 (2016); *Holland v. Florida*, 560 U.S. 631 (2010)).] However, the Court's research confirms the five-factor test is still the appropriate inquiry in the present situation. "Outside of the context of a habeas corpus suit, we look to the five-factor balancing test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988), to determine whether equitable tolling is appropriate." *Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 434-35 (6th Cir. 2013). *See also Menominee Indian Tribe,* 136 S. Ct. at 756, n. 2 (noting the Supreme Court has never found *Holland v. Florida*'s two-prong equitable tolling test necessarily applicable outside of the habeas context).

7

Accordingly, to determine whether Ms. Nicely's claims should be allowed to proceed, the Court considers the following:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).  These factors provide guidance for the Court but are not entirely conclusive; "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Id*.

This case presents the type of compelling, unavoidable circumstances that warrant equitable tolling.  Pre-*Daimler*, Ms. Nicely had no notice that she must file in Kentucky in order for her suit to survive.  When she originally filed she could have done so in this forum, but filing in Missouri was also a reasonable decision under the law at that time.  While Defendants maintain the *Daimler* decision was "not a game changer" and merely confirmed long-standing law [*see* R. 30 at 9], various scholars have recognized the shift in general jurisdiction jurisprudence brought about the Supreme Court's decision:

> *Daimler* further signals that, except for truly exceptional circumstances, a corporation is 'at home' only in its states of incorporation and principal place of business.
>
> Despite the Court's assurance that its decisions are guided by tradition, *Daimler* departs from settled law under which corporations have been subject to jurisdiction for all claims in states where they maintained a sufficient permanent presence or engaged in a comparable substantial level of business.  The law was so well settled that large corporations in leading cases did not even challenge general jurisdiction over them.

Cornett & Hoffheimer, 76 OHIO ST. L.J. at 104-05.

Accordingly, Ms. Nicely lacked notice or constructive knowledge of the fact that she could not litigate her suit in Missouri until after the *Daimler* case.  *See Truitt*, 148 F.3d at 648.

8

Further, her decision to file in Missouri was reasonable at the time. *Id.;* Cornett & Hoffheimer, 76 OHIO ST. L.J. at 104-05 (explaining that a corporate defendant's engagement in a substantial level of business was, pre-*Daimler*, enough to subject that defendant to general jurisdiction within a particular state). In short, Ms. Nicely "reasonably tried to assert her rights in a timely fashion [but] simply failed to assert them in what was later determined to have been the only proper forum." *See Husch v. Szabo Food Serv. Co.*, 851 F.2d 999, 1003-04 (7th Cir. 1988).

Further, PLIVA is not prejudiced by allowing Ms. Nicely's suit to proceed. While PLIVA ostensibly wishes to put this litigation to rest as expeditiously as possible, it has been on notice of Ms. Nicely's claims for quite some time. "[S]tatutes of limitations 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1244 (quoting *Burnett v. New York Central R.R.*, 380 U.S. 424, 428 (1968)). Ms. Nicely has not been silent since her injury occurred but rather has been actively litigating the matter for years, albeit in a different forum.

Defendants look to a prior decision of this Court, issued by the Honorable Judge Danny Reeves, to contend equitable tolling does not apply in Kentucky when a plaintiff mistakenly files in the wrong forum. [*See* R. 30 at 6-8 (discussing *Ashford v. Bollman Hat Co.*, 5:15-264-DCR, 2016 WL 128151 (E.D. Ky. Jan. 11, 2016)).] Careful consideration of the *Ashford* case, however, reveals that it is distinct from the situation at hand. In *Ashford*, the plaintiff originally filed a complaint for age discrimination in Kentucky state court, even though the choice of law and forum selection clauses in his employment agreement mandated filing such a claim in Pennsylvania. *See* 2016 WL 128151, at *2. Because of the forum selection clause, the suit was dismissed from Kentucky state court. Later, and well after the statute of limitations had expired

9

for the plaintiff's claims, the plaintiff attempted to file a similar suit in the Eastern District of Kentucky. The plaintiff argued for equitable tolling in light of his original filing in the incorrect forum, but the court rejected the plaintiff's request. *Id.* at *3-6. In light of the facts, the court denied the plaintiff's request for equitable tolling. *Id.*

In reaching a conclusion, Judge Reeves reasoned that the plaintiff had "not cited any Kentucky authority that provides for tolling where the plaintiff has filed suit in the wrong forum," and had not proven any circumstance beyond his control that "prevented him from originally filing his Complaint in the proper forum according to the forum selection clause." *Id.* at *6. The court also noted the forum selection clause clearly designated the proper forum and cut against the application of the equitable tolling doctrine. A footnote in the opinion plainly distinguished the plaintiff's situation from one where the proper filing site was "'far from clear' at the time the plaintiff filed her claim." *Id.* at *6 n. 5 (quoting *Fox v. Eaton Corp.*, 615 F.2d 716, 719 (6th Cir. 1980)).

In Ms. Nicely's case, no forum selection clause mandated the original filing of her suit in Kentucky rather than Missouri. And while the Court is aware of no Kentucky cases specifically approving of equitable tolling for cases where a plaintiff files in the incorrect forum, Ms. Nicely's circumstance is less like the *Ashford* plaintiff's and more akin to the context specifically distinguished by Judge Reeves. *Id.* Indeed, in *Fox v. Eaton Corp.*, the Sixth Circuit found that "as a general matter, the filing of an action in a court that clearly lacks jurisdiction will not toll the statute of limitations." 615 F.2d at 719. But where the state court's lack of jurisdiction was "far from clear," the Sixth Circuit allowed equitable tolling. *Id.* Ms. Nicely's case is undoubtedly not a Civil Rights Act of 1964 case like *Ashford* and *Fox*; however, the Court finds the reasoning of the decisions persuasive. That Ms. Nicely could not proceed in Missouri was

10

certainly unclear before the *Daimler* decision. *See* 76 OHIO ST. L.J. at 104 ("*Daimler* departs from settled law . . . ."). And *Ashford* does not forbid the application of equitable tolling, a primarily discretionary remedy, in this situation.

Also, PLIVA argues equitable tolling is not applicable because Ms. Nicely's suit was untimely, but the Court does not find the parties' perfunctory discussion of this point to be sufficient grounds for granting judgment on the pleadings. Specifically, PLIVA maintains Ms. Nicely's suit was filed beyond the statute of limitations in the first instance, because Ms. Nicely was diagnosed with tardive dyskinesia in January 2008 but filed her Missouri action on February 10, 2011. [*See* R. 30 at 2-3.] Nicely, however, states that her lawsuit was originally timely filed in 2010 against PLIVA and other defendants. [R. 28 at 2.] That multi-plaintiff petition was apparently severed and individually re-filed by Nicely in February 2011 [R. 30 at 3, n. 2], but the Court has no further information on the matter.

Accordingly, PLIVA has not proven Ms. Nicely violated the statute of limitations by re-filing her petition post-severance in February 2010. The record states very little about the procedural propriety of that re-filing and certainly does not contain sufficient information for the Court to enter judgment against Ms. Nicely on that basis. *See, e.g.*, *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (finding "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Further, in this Rule 12(c) motion for judgment on the pleadings, the Court must accept all of Ms. Nicely's factual allegations as true and construe the complaint in the light most favorable to her. *Hill*, 409 F.3d at 716.

11

In the end, based on the information available to the Court, the Court finds Ms. Nicely's suit should be allowed to proceed. The five factors to be analyzed by the Court, as well as certain persuasive cases, weigh in favor of equitable tolling. *See Truitt*, 148 F.3d at 648. While the remedy of equitable tolling is admittedly a rare one, the Court finds this to be the rare case wherein such relief is appropriate.

### III

For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant PLIVA, Inc.'s Motion for Leave to File Reply to Plaintiff's Sur-Reply [R. 34] is **GRANTED**; but PLIVA's Motion for Judgment on the Pleadings [R. 24] is **DENIED**.

This the 18th day of August, 2016.

Gregory F. Van Tatenhove
United States District Judge